IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv69

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $10,100.00 in UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____ ) | DEFAULT JUDGMENT <br> OF FORFEITURE |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 8].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on April 10, 2012. [Doc. 1]. In the Verified Complaint for Forfeiture *In Rem*, it is alleged that on October 26, 2011, a package with tracking number 875661216919 was located at the FedEx office on Patton Avenue, Asheville, North Carolina. [Id. at 2]. The package was addressed to Rob Marcial (Marcial), 303 South Oceanside Hwy, Oceanside, California 92054. [Id.]. Although no reason is cited in the complaint, Officer Scott Muse (Muse) of the Asheville Police Department and his canine Boris were called to the scene. [Id.]. Officer Muse

and Boris are a trained and certified drug detection team. [Id.]. Boris alerted to this package despite its location next to three other packages of similar size and shape. [Id.].

Muse then applied for and received a search warrant for the package which, when opened, contained $10,100.00 in United States currency. [Id. at 3]. The individual who had sent the package was Brian Lee Williams (Williams) although the package was actually delivered to the FedEx office by Cody Lee Landis McCurry (Cody McCurry) at Williams' direction. [Id.]. Agent Tracy Crowe of the Drug Enforcement Administration telephoned Williams who voluntarily stated that he had sent the package at issue to Marcial in order to pay for repairs to a vehicle. [Id.].

On November 17, 2011, North Carolina State Trooper Aaron Ammons (Ammons) executed a traffic stop in Swain County, North Carolina on a black BMW traveling thirty miles per hour over the posted speed limit of sixty miles per hour. [Id.]. Williams was the driver and sole occupant of the BMW. [Id.]. The license plate on the black BMW had been issued to a different vehicle. [Id.]. Ammons arrested Williams who, upon receiving Miranda[1] rights, consented to a search of the vehicle. [Id.]. When Ammons found a duffle bag

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

in the trunk of the car, Williams voluntarily stated that the bag did not belong to him and consented to a search of the inside of the bag. [Id. at 4]. Inside the bag were found four sealed bags containing a total of 1,950 grams of marijuana. [Id.].

On April 16, 2012, the Government sent personal notice by certified mail, return receipt requested pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to Williams that the package had been seized, notifying him of this forfeiture action and of his right to submit a verified claim. [Doc. 6-2]. The notice was returned with a forwarding address. [Id.].

On April 16, 2012, the Government sent the notice by certified mail, return receipt requested a second time to Williams at the forwarding address. [Doc. 6-3]. That notice was returned as unclaimed. [Id.]. On the same date, the notice was sent by certified mail, return receipt requested to Williams in the care of his attorney, Kris Williams. [Doc. 6-4]. This time the notice was received and signed for by an individual in the attorney's office. [Id.].

On April 16, 2012, the Government sent personal notice by certified mail, return receipt requested to Marcial at the California address to which the package had been addressed. [Doc. 6-5]. That mail was returned as

3

undeliverable because there was "no such number." [Id.]. On April 30, 2012, the Government sent notice to Marcial at a slightly different address found within the investigative file and that notice, sent certified mail, return receipt requested, was received. [Doc. 6-6; Doc. 6-7].

On April 30, 2012, the Government sent personal notice by certified mail, return receipt requested to Cody McCurry at his last know address. [Doc. 6-8]. The return receipt was signed by Travis McCurry and returned to the Government. [Id.].

In addition to the mailings of notice, the Government also provided notice by publication on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 5; Doc. 6].

No person or entity has filed a claim or answer in this action. On June 22, 2012, the Government moved for entry of the default. [Doc. 6]. On June 28, 2012, the Clerk of Court entered default. [Doc. 7]. On July 3, 2012, the Government for a default judgment of forfeiture. [Doc. 8].

## DISCUSSION

The Government seeks forfeiture of the currency contained in the

package Williams attempted to mail to Marcial based on the alert by the drug detection canine and the subsequent discovery of marijuana in the vehicle being driven by Williams.  The Government has shown that the currency is the proceeds of and/or intended to be furnished in exchange for controlled substances and/or used or intended to be used to facilitate controlled substances violations.  21 U.S.C. §881(a).

In addition to the personal notices, the Government provided publication of notice on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required.  Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (internal quotation and citations omitted).

The Court finds that the allegations of the complaint and the

supplemental filings establish that the currency at issue was the proceeds of and/or intended to be furnished in exchange for controlled substances and/or used or intended to be used to facilitate controlled substances violations. 21 U.S.C. §881(a). The Court also finds that the Government has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is therefore appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 8] is hereby **GRANTED** and Default Judgment against the Defendant $10,100.00 in United States Currency is hereby **ENTERED** in favor of the United States of America.

Signed: August 2, 2012

Martin Reidinger
United States District Judge